# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 1:CR-13-244-01 |
| | : | |
| v. | : | |
| | : | (J. Rambo) |
| LAWRENCE S. HERMAN | : | |
| Defendant | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW, comes the attorney for the government who respectfully submits the government's sentencing memorandum in the above captioned case.

## I.  Procedural History

On December 9, 2013, the defendant plead guilty to a one count Information charging him with False Statements in Health Care Matters, 18 USC § 1035. During the guilty plea hearing the defendant admitted he submitted false chiropractic treatment records created by one of his employees to the USAA insurance company in connection with his demand for $60,000 in personal injury damages.

There are no outstanding defense objections to the Presentence Report. However, Herman has filed a sentencing memorandum in which he asks the Court to grant him a downward variance from his 10-16 month guideline range and impose a

1

probationary sentence.

## I. The $60,000 Demand

Herman argues a variance is justified for two reasons. The first is that his 10-16 month guideline range is largely the result of an intended $60,000 loss and, in reality, USAA did not suffer any loss. Herman also attempts to shift primary responsibility for the $60,000 demand to his lawyers, not him.

> First, a demand for pain and suffering is a judgment matter within the realm of the lawyer's art (and not the client's). The attorney who crafted the demand letter to the carrier framed the amount of pain and suffering demand. This was an arbitrary number chosen by the attorney, undoubtedly with the idea of creating an incentive to negotiation and establishing room to obtain a compromise number. …

Defense Sentencing Memo, p.4-5.

Two Baltimore lawyers, hereinafter referred to as "D.D." and "J.H.", represented Herman in connection with his USAA claim. When the lawyers were interviewed, Attorney J.H contradicted Herman's contention that it was counsel who unilaterally decided to demand $60,000. Before Attorney J.H. sent USAA the demand letter, he sent Herman an e-mail and obtained his authorization to make the $60,000 demand. FBI Report of 10/18/13 Interview, p.1 (submitted to the Court under seal).

Attorney D.D. also informed that after the FBI began investigating the case, and even after Herman admitted that Russell Chiropractic did not exist,

Herman nonetheless asked his lawyers to proceed with the claim. Herman told the lawyers, let's "see what happens." However, D.D. and J.H. declined Herman's request and refused to represent him any further. *Id*., p.2.

These facts refute Herman's suggestion that he had no input or control over the $60,000 demand, and Herman's attempt to shift responsibility for the extent of his fraud to his lawyers should not be permitted to serve as a basis for a downward variance.

## II. Herman's Aggravated Role In the Offense

Herman's second argument in support of his request for a downward variance is based upon Tiffany Russell's involvement in the fraud. Although Herman did not object to the Presentence Report's 2 level enhancement under USSG § 3B1.1(c) for his aggravated role in the offense, he now claims Russell was an "equally culpable" participant. And Herman specifically denies he instructed Russell to prepare the bogus chiropractic treatment records. "She collaborated, but was not directed, to commit that conduct." Defense Sentencing Memorandum, p.6.

There can be no question Herman exploited his employer-employee relationship with Russell to commit his crime. Born in 1984, Russell was only 26 years old when she was hired to work as a chiropractor in the

3

Waynesboro office. A salaried employee, Russell enjoyed a good income, earning approximately $52,000 a year plus 2½% of Herman Chiropractic's gross proceeds. Lawrence Herman hired Russell and as the owner of Herman Chiropractic, he could fire her.

When interviewed, Russell revealed Herman approached her in late December of 2011 or January of 2012 and told her he wanted her to create treatment notes and invoices for chiropractic treatments she did not provide Herman after his August 2011 automobile accident. FBI Report of 6/14/13 Interview, p. 2 (submitted to the Court under seal). Russell put Herman off for a few weeks, but "panicked" when Herman asked for the notes again. So Russell prepared the bogus records as he had instructed. *Id.* Herman told Russell which specific chiropractic procedure codes to include in the records. *Id.*, p.4. Herman also supplied Russell with a "Russell Chiropractic" template for the bogus records. Herman explained they could not use Herman Chiropractic letterhead as he could not send bills to USAA with his name on it. *Id.*, p.2. Russell was concerned about what Herman told her to do, but went along with it. *Id.*

Russell's admissions refute Herman's self-serving contentions that he did not lead nor direct her in the fraud. Herman's repeated attempts to shift

4

responsibility to others is troubling and should be rejected as a basis for any downward variance.   Herman's persistent attempts to blame others only raise concerns with respect to the propriety of his 3 level reduction for acceptance of responsibility.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/ Kim Douglas Daniel\_\_
KIM DOUGLAS DANIEL
Assistant U.S. Attorney
Attorney I.D. PA 31038
P.O. Box 11754
Harrisburg, PA 17108
717/221-4482
717/221-4493 (Fax)
Email: kim.daniel@usdoj.gov

Date: June 19, 2014

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 1:CR-13-244-01** |
| | : | |
| v. | : | |
| | : | **(J. Rambo)** |
| **LAWRENCE S. HERMAN** | : | |
| **Defendant** | : | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 19th day of June 2014, he caused to be served a copy of the attached

**GOVERNMENT'S SENTENCING MEMORANDUM**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania and/or by electronic means by sending a copy to the e-mail addresses stated below:

ADDRESSEE(S):
Michael J. McCarrie
Email:   mjm@artzhealthlaw.com

                               /s/____KIM DOUGLAS DANIEL____
                               KIM DOUGLAS DANIEL

ASSISTANT U.S. ATTORNEY